U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

FEB - 4 2009

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20018 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ROBERT L. MARKS, JR. | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Currently pending before the court are two motions filed by the defendant, Robert L. Marks, Jr. ("Marks"). The first, a Motion to Reduce Sentence [doc. 36] pursuant to 18 U.S.C. §3582(c), was filed on August 20, 2008. The second, a Motion to Vacate [doc. 38] pursuant to 28 U.S.C. §2255, was filed on December 1, 2008. The Government filed an answer to the Motion to Vacate [docs. 41, 42]. In the Motion to Vacate, Marks incorporates the arguments he made in the Motion to Reduce Sentence. Both motions will be considered at this time.

PROCEDURAL HISTORY

On October 10, 2007, pursuant to a written plea agreement, the defendant pleaded guilty to a bill of information charging him with possession and pledge of a stolen firearm in violation of 18 U.S.C. § 922(j). (Rec. Docs. 28-30). On January 18, 2008, the defendant was sentenced to 84 months imprisonment. (Rec. Doc. 35).

The presentence investigation report provides that the Criminal History Category was V and the offense level was 23. The imprisonment range was 84-105 months.(PSI, para. 49).

On August 20, 2008, the defendant filed a motion to reduce sentence. (Rec. Doc. 37). On

December 1, 2008, the defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Rec. Doc. 38).

## FACTS

The factual basis filed into the record at the time of the guilty plea indicates that on April 12, 2005, the defendant "pawned and pledged" a firearm as security for a loan of fifty dollars at the Lake City Pawn in Lake Charles, Louisiana. That firearm had been manufactured in Ohio and had been stolen from Rick Arceneaux in Lake Charles. The circumstances under which the defendant obtained the firearm demonstrated that he was aware that it had been stolen. (Rec. Doc. 31-3).

## Law

Marks did not file a timely appeal of his conviction. Usually, after a conviction and exhaustion or waiver of any right to appeal, the Court is entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991). A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). The Supreme Court has stated that, in a § 2255 proceeding, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167-68, 102 S.Ct. 1584; *see also United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir.2000) ("A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."). *United States v. Willis*, 273 F.3d 592, 595 (5th Cir., 2001). Marks has established neither cause nor

2

prejudice.

Marks is requesting in both motions that he be released early and given home confinement because of his and his son's medical conditions. This request is not cognizable in a §2255 motion, but is more properly raised in a §3582(c) motion.

Section 3582(c)(1)(A) gives the Bureau of Prisons discretion to reduce the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[1] The Bureau's regulation implementing the statute states that the Bureau uses 3582(c)(1)(A) "in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."[2] Additionally, the Bureau of Prisons has chosen to restrict the application of 18 U.S.C. 3582(c)(1)(a) to inmates suffering from a serious medical condition that is generally terminal, with a determinate life expectancy. *Todd v. Federal Bureau of Prisons*, 2002 WL 180708, 1 (5th Cir., 2002). The Bureau of Prisons has not filed a motion for a compassionate release[3], therefore this court does not have authority to reduce Marks' sentenced based upon his medical condition.

In Marks' separate Motion for Reduction of Sentence [doc. 36], he requests a reduction of his sentence based upon the recent amendments to the crack cocaine guidelines. A district court is authorized under 18 U.S.C. § 3582(b) to modify a previously imposed sentence in a limited number

---

[1] 5 U.S.C. § 706(2)(A).

[2] 28 C.F.R. § 571.60. The Presentence Report in this file indicates that the court was aware of Marks' medical condition at the time of sentencing.

[3] The record is unclear as to whether the defendant has pursued his request for a compassionate release administratively.

3

of circumstances. *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir.1997). One such circumstance is provided by § 3582(c)(2), which "permits a district court to reduce a term of imprisonment when it is based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Boe,* 117 F.3d 830, 831 (5th Cir.1997). These amendments are not applicable to Marks as he was convicted of a violation of 18 U.S.C. § 922(g)(1) rather than of a crack cocaine offense. His sentencing range was not "subsequently lowered" by Amendment 706, as required to permit him to obtain a modification of his sentence under §3582(c)(2).

Marks also argues ineffective assistance of counsel in his §2255 motion. A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir.1991). This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *United States v. Glinsey* 209 F.3d 386, 392 ( 5th Cir., 2000).

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[4] The burden that

---

[4] *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson,* 985 F.2d 212, 215 (5th Cir. 1993).

4

*Strickland* poses on a defendant is severe.[5]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[6] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[7]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[8] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[9]

If the plea was voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir., 1994). The documents signed by Marks indicate that his plea was voluntary and, contrary to his

---

[5] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[6] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[7] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[8] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[9] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

allegation that his counsel promised him a one-year sentence, he asserted that no promises by anyone compelled him to enter into this plea. (Rec. doc. 31, 31-2).

Marks also alleges that his counsel did not advise him of his right to appeal. The supplemental memorandum filed by the Government establishes that the defendant was, in fact, notified of his right to appeal and he advised his attorney that he did not wish to appeal. The evidence in the record establishes that Marks' counsel discussed this right to appeal with the defendant and that his counsel was not ineffective.

Accordingly, for the reasons stated herein, the defendant's §2255 and §3582 motions will be denied.

Lake Charles, Louisiana, this ____ day of ~~January~~ Feb, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE